IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DORIS MARIE GILMORE                                            PLAINTIFF

vs.                                         Civil No. 1:12-cv-01076

CAROLYN W. COLVIN                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Doris Marie Gilmore ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

Plaintiff protectively filed her DIB and SSI applications on August 25, 2009. (Tr. 10, 119-129). Plaintiff alleges being disabled due to back pain, hypertension, "nerve problems," diabetes, and a "knot in between my right thumb and index finger." (Tr. 150). Plaintiff alleges these impairments cause her the following limitations:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

> My lower back hurts and I have pain underneath my left shoulder blade and left side of my chest. Sometimes it hurts when I breathe. This pain is constant and does not go away. I get angry and mad easily and I take a medication to help me keep calm. I have to watch what I eat in order to keep my diabetes under control. My right hand hurts due to the knot inbetween my right thumb and index finger.

*Id.* Plaintiff alleges an onset date of July 29, 2009. (Tr. 10, 119, 126). These applications were denied initially and again upon reconsideration. (Tr. 47-50).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 66-82). Plaintiff's administrative hearing was held on September 7, 2010 in El Dorado, Arkansas. (Tr. 23-46). Plaintiff was present at this hearing and was represented by Denver Thornton. *Id.* Plaintiff and Vocational Expert ("VE") Mack Welch testified at the hearing in this matter. *Id.*

On November 28, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since July 29, 2009, her alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: hypertension, coronary artery disease, cervical and lumbar degenerative disc disease, and obesity. (Tr. 12-13, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13, Finding 4).

The ALJ determined Plaintiff was fifty-three (53) years old on her alleged disability onset date. (Tr. 17, Finding 7). Such an individual is defined as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 17,

2

Finding 7). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 17, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective allegations and determined her RFC. (Tr. 13-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) consisting of lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. The claimant can perform occasional stooping and crouching.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"), and the ALJ determined Plaintiff would be unable to perform any of her PRW. (Tr. 17, Finding 6). The ALJ then evaluated whether there was other work existing in significant numbers in the national economy that Plaintiff could perform. (Tr. 17-18, Finding 10). The VE testified at the administrative hearing regarding this issue. (Tr. 17-18, 42-46). Specifically, the VE testified that a hypothetical person with Plaintiff's limitations would able to perform the requirements of representative occupations such as production helper worker (light, unskilled) with 500,000 such jobs in the nation, 92,000 such jobs in the region, and 9,000 such jobs in the state. (Tr. 18). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined in the Act from July 29, 2009 (alleged onset date) through the date of his decision or through November 18, 2010. (Tr. 18, Finding 11).

Thereafter, on November 30, 2010, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 117). The Appeals Council denied this request for review on June

8, 2012. (Tr. 1-3). On July 10, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on July 19, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 7-8. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

4

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises six arguments for reversal: (A) the ALJ improperly applied the Grids; (B) the ALJ gave improper weight to the opinion of a state agency physician; (C) the ALJ did not appreciate the nature and extent of her impairments; (D) the ALJ did not consider her impairments in combination; (E) the ALJ performed an inadequate *Polaski* evaluation; and (F) the ALJ provided an improper hypothetical to the VE. ECF No. 7 at 3-18. In response, Defendant argues the ALJ's disability determination is supported by substantial evidence in the record, and

Plaintiff's claims should be denied. ECF No. 8. The Court will consider all of the arguments Plaintiff has raised.

### A.     Application of the Grids

Plaintiff claims the ALJ erred by finding she did not meet the requirements of the Medical-Vocational Guidelines or "Grids." ECF No. 7 at 4-8. Specifically, Plaintiff claims the ALJ classified her as a "person closely approaching advanced age" under 20 C.F.R. § 404.1563(d) (2008) (DIB) and 20 C.F.R. § 416.963(d) (2008) (SSI) even though she was nearly fifty-five years old by the time the ALJ issued his decision. *Id.* A fifty-five year-old would have been classified as a person of "advanced age" *Id.* Plaintiff claims that if she had been classified as a person of "advanced age," she would have been found to be "disabled" under the Grids. *Id.*

In the present action, the ALJ determined Plaintiff was fifty-three years old on her alleged disability onset date. (Tr. 17, Finding 7). At the time of the administrative hearing in this matter and at the time of the ALJ's disability determination, Plaintiff was fifty-four years old. (Tr. 26). At the time of the ALJ's disability determination, Plaintiff was approximately a month from being fifty-five years old or a person of "advanced age." (Tr. 7, 26).

According to the Social Security Regulations, the SSA has discretion in applying the age categories in a "borderline situation." *See* 20 C.F.R. § 404.1563(b) (DIB) and 20 C.F.R. § 416.963(b) (SSI). Such a "borderline situation" exists when a person is within a few days to a few months of reaching an older age category. *Id.* In cases such as those, the Grids cannot be applied "mechanically," but there should be some flexibility in determining whether someone qualifies as disabled under the Grids.

In this case, however, the Grids were not even applied. (Tr. 17-18, Finding 10). Instead, the ALJ relied upon the testimony of a VE in determining whether Plaintiff was disabled. *Id.* Thus,

6

there is no issue of *any* application (much less "mechanical" application) of the Grids or of the age categories. *But see Phillips v. Astrue,* 671 F.3d 699, 702 (8th Cir. 2012) (reversing the decision of the ALJ where the ALJ mechanically applied the Grids in a situation where the claimant was within four months of qualifying under the next age category). Accordingly, the Court cannot find the ALJ erred by "mechanically" applying the Grids and these age categories.

### B.    State Agency Physician

Plaintiff claims the ALJ erred in affording "significant weight" to the opinions of an in-house physician. ECF No. 7 at 8. In his disability determination, the ALJ did state that he gave "significant weight" to the opinions of a state agency physician, Ronald Crow, D.O. (Tr. 16). However, the ALJ also stated his disability determination was based upon the entire record and the medical evidence, "including the objective findings, the opinions of Dr. Crow, and by the testimony of the claimant herself." (Tr. 17).

Plaintiff has offered no evidence that the ALJ relied disproportionately upon the findings of Dr. Crow or based his disability determination solely upon the findings of Dr. Crow. ECF No. 7. Even though he was a one-time non-examining physician, as long as Dr. Crow's findings are consistent with the medical evidence contained in the record and the record otherwise provides substantial evidence supporting the ALJ's decision, the ALJ did not err in finding that his opinion should be afforded "significant weight." *See Harvey v. Barnhart,* 368 F.3d 1013, 1016 (8th Cir. 2004) (affirming the ALJ's disability determination where the ALJ relied upon the opinions of a non-examining physician in addition to other substantial evidence in the record). Accordingly, the Court finds no basis for reversal on this issue.

### C.    Plaintiff's Impairments

Plaintiff claims the ALJ erred in considering her impairments, including her obesity, diabetes, and back and neck pain. ECF No. 7 at 8-11. First, Plaintiff claims the ALJ erred in considering her obesity. *Id.* In making this argument, Plaintiff claims she is "approximately 58-60 pounds overweight for her height," and the ALJ should have fully evaluated her obesity. ECF No. 7 at 8-9. However, despite Plaintiff's claim, the ALJ fully evaluated Plaintiff's obesity and found it to be severe. (Tr. 12-13). The ALJ also recognized Plaintiff had a BMI of 33.5 and was presumptively obese. *Id.* In fully considering her obesity, the ALJ determined Plaintiff's obesity "does not singly, or in combination with other impairments, significantly limit or further restrict the claimant's ability to perform work related activity." *Id.* The ALJ also restricted her RFC to light work after considering her obesity. (Tr. 13-17, Finding 5). Based upon these facts, the Court finds the ALJ did not err in considering Plaintiff's obesity.

Second, Plaintiff claims the ALJ improperly considered her diabetes and improperly determined her diabetes was "controlled by diet." ECF No. 7 at 9. In support of her argument, Plaintiff references several instances where her glucose levels were found to be abnormal. *Id.* Despite her argument, however, Plaintiff did not allege any specific limitations due to her diabetes at the administrative hearing in this matter. (Tr. 23-46). In her disability report, Plaintiff stated, "I have to watch what I eat in order to keep my diabetes under control." (Tr. 150). Impairments that are controlled with diet and medication are not medically severe. *See Wilson v. Chater,* 76 F.3d 238, 241 (8th Cir.1996). Accordingly, the Court finds the ALJ did not improperly consider Plaintiff's diabetes.

Third, Plaintiff claims the ALJ improperly considered her back and neck pain. ECF No. 7

8

at 9-11.  In support of her argument, Plaintiff references the MRI of her cervical spine dated June 17, 2012 . (Tr. 271-272).  This MRI report, however, only demonstrates "some degenerative changes of the cervical region" with "no gross spinal stenosis or gross disc herniation."  *Id.*  Such findings do not indicate Plaintiff's back and neck pain preclude her from performing all work activity. Indeed, in assessing Plaintiff's RFC, the ALJ limited her to only performing the "full range of light work." (Tr. 13).  Such work consists of only lifting 20 pounds at a time with frequent lifting or carrying of objects weighing only 10 pounds.  *Id.*  Thus, the ALJ did restrict Plaintiff in her ability to lift after considering her back and neck pain.

### D. Combination of Impairments

Plaintiff claims the ALJ failed to consider her impairments in combination.  ECF No. 7 at 11-12.  Specifically, Plaintiff claims the ALJ did not properly consider the combination of her severe impairments of hypertension, coronary artery disease, cervical lumbar degenerative disc disease, and obesity.  *Id.*  Upon review of this claim, Plaintiff is correct that the Social Security Act requires the ALJ to consider the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.  *See* 20 C.F.R. § 404.1523 (2012).

In the present action, however, the ALJ did fully analyze each of Plaintiff's impairments. (Tr. 12-17).  The ALJ also considered those impairments in combination.  *Id.*  For instance, the ALJ reviewed Plaintiff's severe impairments and noted that those "impairments or *combination* of impairments" did not meet the requirements of the Listings.  (Tr. 13).  This review of Plaintiff's impairments is sufficient to demonstrate the ALJ properly evaluated Plaintiff's impairments in combination.  *See Hajek v. Shalala,* 30 F.3d 89, 92 (8th Cir. 1994) (holding that statements such as

"the evidence *as a whole* does not show that the claimant's *symptoms* . . . preclude his past work as a janitor" and "[t]he claimant's *impairments* do not prevent him from performing janitorial work . . ." sufficiently establish that the ALJ properly considered the combined effects of the plaintiff's impairments).

Plaintiff has alleged she suffers from a number of different impairments. ECF No. 7. However, this Court is not required to find a claimant is disabled simply because he or she has alleged a long list of medical problems. The ALJ's opinion sufficiently indicates that the ALJ properly considered the combined effects of Plaintiff's impairments. (Tr. 12-17). Thus, the Court finds the ALJ properly considered Plaintiff's impairments in combination. *See Hajek,* 30 F.3d at 92.

### E.   *Polaski* Evaluation

Plaintiff claims the ALJ improperly considered her subjective complaints. ECF No. 7 at 12-16. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with the requirements of *Polaski*. The ALJ stated the *Polaski* factors in his opinion and then noted several reasons for discounting Plaintiff's subjective complaints, including the following: (1) Plaintiff contacted her prior employer after her alleged onset date and sought to return to work which indicates she retained the capacity to return to work; (2) Plaintiff "is able to do most, if not all, of her essential activities of daily living"; (3) Plaintiff gave inconsistent reports of her pain and fatigue; (4) Plaintiff provided inconsistent reports regarding her ability to drive; and (5) Plaintiff did not seek consistent medical treatment.[3] (Tr. 12-

---

[3] Plaintiff claims her failure to seek consistent medical treatment is excused because she could not afford that treatment. ECF No. 7 at 16. However, a failure to seek medical treatment is not excused where there is no evidence the claimant told his or her physician that he or she could not afford the medication or treatment at issue or

11

17). Based upon these facts, the Court finds the ALJ's credibility is entitled to deference. *See Renstrom v. Astrue,* 680 F.3d 1057, 1067 (8th Cir. 2012) (holding "[b]ecause the ALJ gave good reasons for discounting Renstrom's credibility, we defer to the ALJ's credibility findings").

### F. Hypothetical to the VE

Plaintiff argues that because the ALJ did not include all of her alleged limitations in his hypothetical to the VE, the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 7 at 16-17. The ALJ provided the RFC determination that is outlined above to the VE. (Tr. 42-46). Further, as explained above, the Court has found no basis for reversing the ALJ's RFC determination. Accordingly, because the ALJ provided the proper limitations in his hypothetical to the VE, the Court finds the VE's testimony was sufficient at Step Five of this analysis. *See Starr v. Sullivan,* 981 F.2d 1006, 1008 (8th Cir. 1992) (holding "[a] vocational expert's response to a hypothetical question provides substantial evidence where the hypothetical question sets forth with reasonable precision the claimant's impairments").

### 4. Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

had been denied medication or treatment because of an inability to afford that medication or treatment. *See, e.g., Johnson v. Bowen,* 866 F.2d 274, 275-76 (8th Cir. 1989). Thus, the Court finds Plaintiff's bare claim that she could not afford treatment does not excuse her failure to seek such treatment.